JUDGE SULLIVAN

**08 CRIM 567**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

UNITED STATES OF AMERICA

- v. -

CARMEN ORTIZ,

       Defendant.

------------------------------------

<u>INDICTMENT</u>

08 Cr.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 0 2008

<u>COUNT ONE</u>

The Grand Jury charges:

1.   From in or about September 2007, through in or about October, 2007, in the Southern District of New York and elsewhere, CARMEN ORTIZ, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and object of the conspiracy that CARMEN ORTIZ, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

(Title 21, United States Code, Section 846.)

**COUNT TWO**

The Grand Jury further charges:

3. From in or about September 2007, through in or about October, 2007, in the Southern District of New York and elsewhere, CARMEN ORTIZ, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 1956(a)(1)(B)(i) of Title 18, United States Code.

4. It was a part and an object of the conspiracy that CARMEN ORTIZ, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions, to wit, the transfers of hundreds of thousands of dollars in cash, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(I).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION AS TO COUNT ONE

5. As a result of committing the controlled substance offense alleged in Count One of this Indictment, CARMEN ORTIZ, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds ORTIZ obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of JEFFREY COLGROVE, the defendant, up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

## **FORFEITURE ALLEGATION AS TO COUNT TWO**

7. As a result of the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count Two of this Indictment, CARMEN ORTIZ, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property.

### **Substitute Asset Provision**

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of CARMEN ORTIZ, the defendant, up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

_____        _____
FOREPERSON                             MICHAEL J. GARCIA
                                       United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

CARMEN ORTIZ,
Defendant.

---

INDICTMENT

08 Cr.

(Title 21, United States Code,
Section 846; Title 18 United States Code,
Section 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.  6/20/08